IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. CR 4:17-CR-50 |
| v.           ) | |
| ) | |
| JOSHUA SCOTT and     ) | |
| VICTOR NATSON      ) | |

**UNITED STATES' MOTION IN LIMINE
CONCERNING SELF-AUTHENTICATING EVIDENCE**

The United States moves for a pre-trial ruling that certain evidence is self-authenticating under Federal Rule of Evidence 902, requiring no extrinsic evidence of authenticity to be admitted.

In particular, the United States requests that: (1) video from the SunTrust Bank on October 14, 2016, be deemed a self-authenticating certified record under Rule 902(13); (2) Verizon and T-Mobile phone records be deemed self-authenticating certified domestic records under Rule 902(11); and (3) data copied from two cellular phones be deemed self-authenticating certified data under Rule 902(14).  The United States provided the requisite certificate and notice to opposing counsel, *see* Dkt. Nos. 154–55, 160, and no objections have been filed to said notices and certificates.  As the trial in this case is scheduled to begin Monday, May 14, 2018, and because several out-of-state custodians would be unnecessary if the Court grants the United States' requested relief, the United States further requests that the Court make the requested ruling sufficiently in advance of trial, preferably on or before May 9, 2018.

1

**MEMORANDUM OF LAW**

Effective December 1, 2017, Federal Rule of Evidence 902 was amended to "set[] forth a procedure by which parties can authenticate certain electronic evidence other than through the testimony of a foundation witness," and with the recognition that "the expense and inconvenience of producing an authenticating witness" for certain types of records and data "is often unnecessary." Fed. R. Evid. 902 advisory committee's note (2017). As discussed below, the United States has complied with Rule 902's procedural requirements to authenticate surveillance video, phone records, and cellular phone data.

**I.      SunTrust's Surveillance Video Is Self-Authenticating.**

Rule 902(13) now provides that "[a] record generated by an electronic process or system that produces an accurate result" is self-authenticating if "shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)." Fed. R. Evid. 902(13). "A proponent establishing authenticity under this Rule must present a certification containing information that would be sufficient to establish authenticity were that information provided by a witness at trial." Fed. R. Evid. advisory committee's notice (2017).

Here, the United States provided a certification from a SunTrust Vice President and custodian of records who attested that the relevant recording was generated by an electronic process that produces an accurate result, that the record of the recording was made at the time of the events shown in the recording, and that

2

such records were created and kept in the regular and ordinary course of SunTrust's business.  Dkt. No. 154-1.  Further, the United States met the notice requirements of Rule 902(11) in its filing on April 25, 2018.  Dkt. No. 154.  As no objection has been filed, the noticed evidence of SunTrust's surveillance video from October 14, 2016, is properly deemed self-authenticated.

## II. Verizon and T-Mobile's Telephone Records Are Self-Authenticating Business Records.

Rule 902(11)'s provision regarding the self-authentication of business records is well-established.  Such records are self-authenticating if the proponent provides a certification by a qualified person that satisfies Rule 803(6)(A)-(C)'s requirements and the proponent gives reasonable written notice and makes the record and certification available for inspection.  Fed. R. Evid. 902(11).

Here, on April 26, 2018, the United States filed its notice of its intent to use records from Verizon and T-Mobile that include cellular call detail records, subscriber information, and historical cellular site location information.  Dkt. No.155.  The United States accompanied its notice with business records certifications from custodians of record from T-Mobile and Verizon.  Dkt. No. 155-1.  The certifications meet the requirements of Rule 803(6)(A)-(C).  And, the phone records and certifications were made available to defense counsel for inspection.  Accordingly, since the procedural requirements of Rule 902(11) have been satisfied and no objection filed, the phone records are self-authenticating.

3

### III.     Data Copied from Two Cell Phones Is Self-Authenticating.

Rule 902(14) provides a new procedure to authenticate data copied from an electronic device "if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)." Fed. R. Evid. 902(14). According to the Advisory Committee, "an authenticating witness for this evidence is often unnecessary" because the adversary "fails to challenge the authentication testimony once it is presented." Fed. R. Evid. 902 advisory committee's note (2017). "Today, data copied from electronic devices, storage media, and electronic files are ordinarily authenticated by 'hash value'", and Rule 902(14) now "allows self-authentication by a certification of a qualified person that she checked the hash value of the proffered item and that it was identical to the original." *Id.*

On April 30, 2018, the United States filed its notice of its intent to introduce data copied from a Samsung Galaxy cell phone and an LG Stylo cell phone. Dkt. No. 160. For each cell phone, the United States provided a certificate of the forensic examiner who conducted the data extraction. Dkt. No. 160-1. The certifications explained the process of digital identification, the hash value comparison to ensure the data of the proffered item is identical to the original, and the qualifications of the individual who certified the copied data. Since the notice requirement has been met, the certifications contain information that would be sufficient to establish authenticity were that information provided by witnesses at trial, and because no

4

objection has been raised, authenticity has been established under Rule 902(14).

## IV.  Conclusion

For the reasons described above, the United States requests that the Court find that (1) video from the SunTrust Bank on October 14, 2016, be deemed a self-authenticating certified record under Rule 902(13); (2) Verizon and T-Mobile phone records be deemed self-authenticating certified domestic records under Rule 902(11); and (3) data copied from two cellular phones be deemed self-authenticating certified data under Rule 902(14), such that no extrinsic evidence of authenticity will be required for the evidence's admission.

        Respectfully submitted,

        BOBBY L. CHRISTINE
        UNITED STATES ATTORNEY

        <u>Chris Howard</u>
        Assistant United States Attorney
        N.Y. Bar Number 4935938

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422

5

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Respectfully submitted, this 2nd day of May 2018.

/s/ Chris Howard
Chris Howard
Assistant United States Attorney
N.Y. Bar No. 4935938

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number:  912-652-4422
E-mail:  christopher.howard@usdoj.gov