# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-050 |
| | ) | |
| JOSHUA SCOTT AND | ) | |
| VICTOR NATSON | ) | |

## ORDER

This case is scheduled for trial on May 14, 2018 (doc. 146), and several pre-trial evidentiary motions are before the Court. Docs. 161 & 171. The Court directed the defendants to disclose whether they opposed the Government's request that several proposed exhibits be recognized as self-authenticating. Doc. 170. Both defendants have responded, indicating that they do not oppose the Government's request. Doc. 172 (Natson response); doc. 173[1] (Scott response). Accordingly, the Government's request is **GRANTED** as unopposed. Doc. 161. The following evidence, more fully described in the Government's motion, is deemed self-authenticating such that no extrinsic evidence of authenticity is required for its admission:

---

[1] Scott's response to the Court's Order was docketed as a motion. *See* doc. 173. Since it merely reports Scott's consent to the self-authentication of the Government's evidence, it is not a motion. The Clerk is, therefore, **DIRECTED** to terminate the motion in the Court's docketing software.

(1) the video from the SunTrust Bank on October 14, 2016,

(2) Verizon and T-Mobile phone records, and

(3) data copied from two cellular phones.

After the Court directed defendants to indicate whether or not they opposed the Government's first motion *in limine*, it has filed a second. *See* doc. 171. The trial schedule once again dictates that these requests, like the first, be handled with dispatch. As discussed more fully below, the requests are provisionally granted. Of necessity, evaluating these requests required reliance on general principles, and not consideration of specific pieces of proffered evidence and targeted objections. They thus merely provide a prophylactic against the introduction of subjects that could "irretrievably affect the fairness of the trial.'" *Benson v. Facemeyer*, 2017 WL 1400558 at * 1 (N.D. Ga. April 19, 2017 (quoting *Soto v. Geico Indem. Co.*, 2014 WL 3644247, at * 1 (M.D. Fla. July 21, 2014)). Any ruling on the admissibility of particular evidence or testimony is thus deferred to the District Judge at trial. *See id.* (citing *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000)) ("Limine rulings are provisional rulings, and the trial judge may reverse the decision during the course of a trial.").

## I. Hearsay Evidence and Insanity Defense

Several of the Government's arguments appear to seek nothing more than an assurance that familiar and longstanding rules of evidence and criminal procedure will apply. *See id.* at 1-3. The rules concerning the limited admissibility of hearsay will, of course, apply. *See* Fed. R. Evid. 801-806. The application of Fed. R. Crim. P. 12.1 to this proceeding is similarly clear -- the pre-trial motions deadline has long passed and defendants have not sought leave to file a late insanity-defense notice. Insanity evidence may thus be excluded. *See* Fed. R. Crim. P. 12.2(d)(2). The Government's requests to exclude hearsay and either defendant's assertion of an insanity defense, therefore, are **GRANTED**.

## II. Expert Testimony

The Government's motion notes that Defendant Scott has listed Allyson Wood, the Bureau of Prisons' psychologist who prepared a report on his competency to stand trial in this matter (doc. 136), among his potential witnesses. Doc. 171 at 3 (citing doc. 168). The Government seeks to exclude any testimony she might provide in support of an insanity defense or any other expert testimony on his mental condition

bearing on his guilt, because he failed to provide the required notice. *See id.* at 2-3 (citing Fed. R. Crim. P. 12.2(a) (requiring notice of intent to assert insanity defense); Fed. R. Crim. P. 12.2(b) (requiring notice of intent to introduce expert evidence "relating to a mental disease or defect or any other mental condition . . . bearing on . . . the issue of guilt.")). To the extent that Scott intends to solicit testimony from Dr. Wood for any purpose covered by Rule 12.2, the Government's motion is **GRANTED**.

The Government also seeks to preclude Defendant Natson from offering any expert testimony at trial because no such expert was disclosed during reciprocal discovery. Doc. 171 at 4. The Government moved for reciprocal discovery, and the parties informed the Court that all obligations had been complied with or resolved by agreement. *See* doc. 96 (Motion); doc. 113 (Order); *see also* Fed. R. Crim. P. 16(b)(1)(C) (requiring Natson to disclose expert witnesses in order to comply with his reciprocal discovery obligations). Among the remedies for a party's failure to discharge his discovery obligations is that the Court may "prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C). Defendant Natson has not submitted a proposed

4

witness list, so it is not clear whether any of his proposed witnesses are excludable under the Rule. Accordingly, the Government's motion is **GRANTED**, to the extent that Defendant Natson intends to call an undisclosed expert witness within the meaning of Rule 16.

## III. Alibi Witnesses

The Government requested that the defendants, respectively, disclose their intent to assert an alibi defense. Doc. 171 (citing docs. 95, 114, & 115); *see also* Fed. R. Crim P. 12.1 (requiring notice of intent to assert alibi defense in response to Government request). Defendant Natson responded that he "does not intend to rely upon an alibi defense and therefore has no information to disclose" pursuant to the Government's request. Doc. 125. Defendant Scott did not file any response and the Government proffers that he made none. *See* doc. 171 at 4-5. A defendant's failure to comply with a Rule 12.1 request is grounds for the Court to "exclude the testimony of any undisclosed witness regarding the defendant's alibi," but "does not limit the defendant's right to testify." Fed. R. Crim. P. 12.1(e). Accordingly, the Government's request is **GRANTED**.

## IV. Undisclosed Evidence

Finally, the Government seeks to preclude Defendant Natson from offering any evidence that was not disclosed in reciprocal discovery. Doc. 171 at 5. The Government proffers that Natson provided no response to its request for reciprocal discovery. *Id.* Thus, he should be precluded from offering any evidence subject to a disclosure obligation. *Id.*

Preclusion of undisclosed evidence is among the sanctions available under Rule 16. *See* Fed. R. Crim. P. 16(d)(2)(C). The Supreme Court has clarified that there is no constitutional violation when such a sanction is imposed on a criminal defendant. *See Taylor v. Illinois*, 484 U.S. 400, 414 (1988); *see also Reeves v. Sec'y, Dept. of Corrs.*, 549 F. App'x 838, 844 (11th Cir. 2013) ("The Supreme Court has repeatedly declared that courts may exclude relevant evidence -- even evidence of a defendant's innocence -- where a defendant fails to comply with a valid procedural rule."). The *Taylor* Court cautions, however, that alternative sanctions will often be "adequate and appropriate." *Taylor*, 484 U.S. at 413.

The Government's motion to preclude Natson from introducing any undisclosed evidence is, therefore, **GRANTED**. Natson, however, remains free to move the Court, subject to adequate explanation, to

admit evidence despite its non-disclosure. *See Taylor*, 484 U.S. at 415 ("[a] trial judge may certainly insist on an explanation" for non-disclosure).

**SO ORDERED,** this 8th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA