# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-050 |
| | ) | |
| JOSHUA SCOTT | ) | |

## ORDER

The Court entered an Order granting the Government's various requests *in limine* to constrain the evidence defendants may offer at trial. Doc. 175. In that Order, the Court found that testimony from Dr. Allyson Wood, a Bureau of Prisons psychologist who examined Scott, is properly excluded to the extent that it implicates an insanity defense or his mental condition bearing on his guilt. *Id*. at 3-4. That testimony is properly excluded because defendant failed to provide the notice required by Fed. R. Crim. P. 12.2(a) and (b). *Id*. Scott now moves the Court to reconsider that ruling, either because the testimony is relevant to a defense (duress) that does not implicate Rule 12.2 or because his instant motion provides adequate notice. *See* doc. 176 at 1-2. The Government opposes. Doc. 177.

Reconsideration of the Court's prior Order is not necessary. Pretermitting whether the motion provides (or could provide) adequate

notice under Rule 12.2, duress does not implicate Scott's mental condition. "The defense of duress 'requires that the defendant prove [1] that he acted under an immediate threat of death or serious bodily injury, [2] that he had a well-grounded fear that the threat would be carried out, and [3] that he had no reasonable opportunity to escape or inform [the] police.'" *United States v. Hansen*, 563 F. App'x 675, 677-78 (11th Cir. 2014) (quoting *United States v. Flores*, 572 F.3d 1254, 1266 (11th Cir. 2009)). To the extent that the defense requires a "well-grounded" fear, it "assumes that the fear is rooted in something other than the defendant's subjective conjectures about something constituting a threat. [Cit.] Additionally, the language assumes that a threat objectively existed in reality and was not derived from the defendant's subjective belief that something constituted a threat." *Id.* at 678

Given the objective character of a duress defense, it does not implicate Rule 12.2. *See United States v. Bell*, 855 F. Supp. 239, 242-243 (N.D. Ill. 1994) (quoting *United States v. Bailey*, 585 F.2d 1087, 1111 (D.C. Cir. 1978)) (discussing the conceptual basis of a duress defense and concluding, because it "is not that the defendant, faced with the unnerving threat of harm unless he does an act which violates the literal

language of the criminal law, somehow loses his mental capacity to commit the crime in question," Rule 12.2 does not apply "by definition"); *see also id.* at 241 (because "the duress defense, while implicating defendant's state of mind, does not involve a defendant's mental capacity," the Government's motion for a mental examination was properly denied by the magistrate).

The Court's Order was clear that the Government's motion was granted "[t]o the extent that Scott intends to solicit testimony from Dr. Wood *for any purpose covered by Rule 12.2*." Doc. 175 at 4 (emphasis added). To the extent that the ruling requires the Court to draw the negative implication, Dr. Wood's testimony is *not* precluded for any purpose *other* than those implicating Rule 12.2.[1] Accordingly, Scott's motion is **DENIED**. Doc. 176

---

[1] The parties' positions are simply not sufficiently articulate for the Court to draw the further conclusion it suspects Scott wants, *i.e.*, that Dr. Wood's testimony is positively admissible. As discussed above, the elements of a duress defense are objective. Thus, it is not clear how Dr. Wood, as a psychologist who examined Scott long after the alleged criminal acts took place, could provide relevant non-cumulative testimony. However, the Court will not anticipate the parties' arguments in that regard. The Government's response in opposition to this motion provides some further indications (based on Dr. Wood's report of communications with defense counsel) of the nature of the testimony Scott proposes to solicit from Dr. Wood. *See* doc. 177 at 2. The Court will not, however, undertake to determine admissibility based on third-hand reports of Scott's intent. It is clear that, in some circumstances, expert testimony might be relevant to a duress defense. *See Bell*, 855 F. Supp. at 243 ("Expert testimony may be used in conjunction with a duress defense."). Whether

In addition to opposing Scott's reconsideration motion, the Government also seeks to quash a subpoena it represents defense counsel e-mailed to her. Doc. 177 at 2 ("Dr. Wood stated that she was e-mailed a trial subpoena from the defendant . . . ."). Pretermitting any of the Government's other objections to the subpoena and whether it is the proper party to seek quashal, it is clear that service by email is ineffective. As this Court has explained:

> The Federal Rules of Criminal procedure require a party serving a subpoena to (1) deliver a copy of the subpoena to the witness . . . . Courts have recognized that 'there must be strict compliance with the rules for service of a subpoena.' *See* 25 Moore's Federal Practice § 617.05 [4] (3d ed. 2005; 2 Charles A. Wright, Federal Practice and Procedure § 276 (3d ed. 2000). Since the rule requires delivery of a copy of the subpoena 'to the witness,' '[p]ersonal service is required.'" 25 Moore's Federal Practice § 617.05 [2].

*United States v. Bradley*, 2006 WL 8429685 at * 1 (S.D. Ga. March 16, 2006). E-mail does not constitute personal service. *See Bonnecaze v.*

---

this is such a case, and (if it is) whether the Government might assert some other objection (such as Scott's failure to comply with the requirements to subpoena a Department of Justice employee, pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)), depends upon arguments that simply have not been made.

In that regard, the tenor of Scott's argument in this motion and the Government's response leaves the Court concerned that further briefing will be forthcoming. To avoid disrupting the trial's scheduled start on Monday, May 14, 2018, *any* further argument in favor of Dr. Wood's testimony must be made before 9:00 a.m. EDT on Thursday, May 10, 2018. Any response by the Government must be filed no later than 5:00 p.m. EDT on that date.

*Ezra & Sons, LLC*, 2016 WL 1268339 (E.D. La. March 31, 2016); *see also S.E.C. v. Art Intellect, Inc.*, 2012 WL 776244 at * 3 (D. Utah March 7, 2012) (citing *Bank of Oklahoma, N.A. v. Arnold*, 2008 WL 482860 at * 3 (N.D. Okla. Feb. 20, 2008)) ("A subpoena under Rule 45 is not properly served by email or fax, but must be served personally."). The Government's motion to quash the subpoena is, therefore, **DENIED** as moot.

**SO ORDERED,** this 9th day of May, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA