# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-050 |
| | ) | |
| JOSHUA SCOTT | ) | |

## ORDER

The Government has informed the Court of continued issues regarding the potential testimony of Dr. Allyson Wood in the trial of this matter, scheduled to commence on Monday, May 14, 2018. Doc. 181. Although styled as a "response" to the Court's Order, it seeks a further "order excusing Dr. Wood's appearance." *Id.* at 2. That's relief the Court simply cannot provide.

The Court appreciates the difficult position faced by Dr. Wood, her counsel (if any), and the Government.[1] However, the dispute is simply not ripe for adjudication. Scott has not articulated to the Court his intentions and expectations regarding her testimony. Nor, however, was

---

[1] Although the parties and the Court have not necessarily observed the distinction rigorously, the "Government," as used here, refers to the Government in its prosecutorial capacity. Defense counsel has not asserted that the Government, in that capacity, has any obligation to make Dr. Wood available to testify, and the Court is aware of no such obligation. If, at some future date, a government attorney appears on Dr. Wood's behalf, in her capacity as an employee of the Bureau of Prisons, that attorney will be acting in a vastly different capacity than the attorneys prosecuting this case.

he required to, except insofar as he chooses to pursue a subpoena under Fed. R. Crim. P. 17(b).² Neither Dr. Wood, nor her representative, has informed the Court that she has been served with a subpoena nor sought quashal or modification of any such subpoena. *See* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."); (d) (requiring delivery of "a copy of the subpoena to the witness and . . . tender to the witness one day's witness-attendance fee and the legal mileage allowance."). It is not clear, therefore, under what procedure the Government believes such an order could be warranted.

---

² That Rule requires the defendant to make a necessity showing before the Court will direct the Marshal to serve a subpoena at public expense. Fed. R. Crim. P. 17(b).

The Government correctly points out that this Court required further briefing, if any, on the issues of Dr. Wood's testimony no later than May 10, 2018. Doc. 81 at 1. No such briefing was forthcoming. Despite filing nothing for the Court to consider, defense counsel continues to represent to the Government his expectation that Dr. Wood will appear. *Id*. The Court cannot police what defense counsel says in his conversations with the Government. Those conversations are governed by strategic and ethical considerations (such as the obligation to zealously advocate his client's interests) that do not necessarily apply to formal representations to the Court. Other than enforcing ethical rules, the Court does not ordinarily dictate what defense counsel may or may not say to the Government's counsel.

The Court simply cannot say that Dr. Wood need not appear, under any circumstances.[3] If she were served with a subpoena, the obligations imposed, and her possible responses to those obligations, would be a question, in the first instance, for her counsel, not this Court. *Cf. Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981) (because legal risk is inherent to decision-making, "[n]eedless to say, the decisionmakers would benefit greatly by having guidance as to the potential ramifications of their decisions. Furnishing such guidance prior to the making of the decision, however, is the role of counsel, not of the courts."). The Court cannot say that there are *no* circumstances under which Dr. Wood *might* be subject to an obligation to appear and testify. Thus, it cannot preemptively excuse her from appearing. The Government's request, therefore, is **DENIED**. Doc. 181. If and when she becomes subject to an obligation to appear, any objections to her testifying will then be considered.

---

[3] The obstacles, at this point, are significant, if not practically insurmountable. As the Court's previous Order explained, given the objective nature of a duress defense, it is not clear what Dr. Wood's relevant testimony *could* be. Doc. 179 at 2-3, 3-4 n 1. Further, the Court provided Scott with an opportunity to supplement his argument in favor of Dr. Wood's testimony, and he did not respond. Any attempt to raise the issue anew would directly contravene that Order. While the Court can *imagine* circumstances that might excuse his failure to comply, they would be truly extraordinary.

**SO ORDERED,** this 11th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA